### In re DESMOND & CO.

(District Court, N. D. Alabama, S. D. August 21, 1912.)

No. 11,686.

LANDLORD AND TENANT (§ 109*)—PROVABLE CLAIMS—RENT—RE-ENTRY BY LANDLORD.

Where, on the bankruptcy of tenants, their trustee refused to assume the lease, but sold the property on the premises, to be removed by the end of a month, for which he paid rent, and at the expiration of that time the purchaser by his direction delivered the keys to the authorized agent of the landlords, who accepted the same, and further agreed that the purchaser might leave certain fixtures in the building for a time without rent, such acts constituted a re-entry, which terminated the lease and released the estate from the further payment of rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 350–365, 368, 369; Dec. Dig. § 109.*]

In the matter of Desmond & Co., bankrupts. On review of order of referee disallowing claim of E. Solomon and E. H. Levi for rent. Affirmed.

A. Latady, of Birmingham, Ala., for petitioners.
R. C. Redus, of Birmingham, Ala., for trustee.

GRUBB, District Judge. This matter comes on to be heard upon the petition of claimants to review the order of the referee disallowing their claim for rent for the unexpired term of their lease. After the bankruptcy of the tenants, the trustee occupied the leased premises during one month—that of March—and paid rent for use and occupation for that month. The trustee elected not to take the lease. The trustee sold the personal property of the bankrupt on the leased premises, and the purchaser was to remove it from the premises before April 1st. The trustee delivered the keys of the rented premises to the purchaser to enable him to remove the goods purchased, which were stored there, and directed the purchaser to then deliver the keys to the landlords' agent. There were certain fixtures on the leased premises, as to the ownership of which between the landlords and the purchaser a question arose. The purchaser instructed the drayman he had employed to remove the purchased goods to deliver the keys to the premises to the landlords and to offer to sell to them the fixtures for a stipulated sum, rather than remove them. The landlords' agent went with the drayman to the rented premises for the purpose of determining by inspection the character of the fixtures. The question as to the right to them as between the landlords and the purchaser from the trustee remaining still unsolved after the visit and inspection, the purchaser's drayman asked permission of the landlords' agent to occupy the leased premises with the fixtures until it was settled, without paying rent during such occupancy, and the landlords' agent granted such permission. The agent was shown to have authority to re-enter for the landlords and to make such an arrangement on their behalf. The evidence as to whether the keys were delivered by the drayman to this agent in person is in conflict. They were found in the office of the agent, and the referee found, and, as I see it, correctly, that the evidence showed that they were delivered to the agent by the drayman, and accepted by him.

The question is whether these facts, so found by the referee, constitute a re-entry on the part of the landlords, so as to relieve the estate of the burden of paying rent for the unexpired term of the lease, as it would otherwise be required to do under the authority of the case of Martin v. Orgain, 174 Fed. 772, 98 C. C. A. 246. The claimants' contention seems well founded that the trustee could not surrender the term, in view of the fact that he had elected not to assume it, and that it still belonged to the bankrupt, who alone was competent to make the surrender. So the solution of the question involved depends upon whether the landlords re-entered, so as to terminate the lease. Such a re-entry must be made with the intention of terminating the lease. This intention may be expressed, or may be deduced from

the circumstances under which it was made. If the circumstances are such as to indicate the intent on the part of the landlords to resume a dominion of the leased premises inconsistent with the continuance of the lease, a re-entry, within the meaning of the lease, will be implied from them. An acceptance of the keys from the tenant or his representative may or may not constitute such a re-entry depending upon the circumstances of the acceptance. The isolated fact of delivery and acceptance would probably not suffice. An entry by the landlords' agent merely to inspect the character of the fixtures on the rented premises would not constitute a re-entry. In this case, however, the landlords' agent, who was authorized to re-enter, undertook to agree that the trustee's purchaser might occupy the leased premises rent free until the question of ownership and right to remove the fixtures was determined as between them. This permission could have been granted only by a landlord in possession, and is inconsistent with the idea that the landlord recognized the lease as still subsisting in the bankrupt or his trustee. In connection with the simultaneous acceptance of the keys and the physical entry of the agent, it is persuasive that the landlords' agent understood that he had resumed dominion over the leased premises, and had re-entered them, in the sense of the lease, with the effect of terminating the lease and revesting the landlords with possession of the premises.

For these reasons, the order of the referee is confirmed, and the petitioners are taxed with the costs of the review.